UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| SHIVAM GUPTA,<br>*Plaintiff* | §<br>§<br>§ |
| v. | §    No. 1:23-CV-01191-RP |
| | § |
| NAOMI MARTIN, SNIPER<br>SCOPE FX,<br>*Defendants* | §<br>§<br>§<br>§ |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ROBERT PITMAN
        UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff Shivam Gupta's Motion for Default Judgement, Dkt. 11. After reviewing Gupta's motion and the relevant caselaw, the undersigned recommends that the motion be granted in part.

**I.    BACKGROUND**

On March 19, 2023, Gupta entered a contract with Naomi Martin, agreeing to pay Martin $50,000 in exchange for her opening a Forex Trading account in Gupta's name. Dkt. 1, at 2.[1] Pursuant to the agreement, Martin was to keep $20,000 as a personal fee and use the remaining $30,000 to open the account. *Id.* Additionally, Martin was to provide Gupta with any profits until he made his $20,000 back, at which point Gupta and Martin would split any additional profits. *Id.*

---

[1] Because Defendants have not filed a responsive pleading, there are no issues of material fact, and the undersigned will accept Gupta's version of the facts as true. *Atain Specialty Ins. Co. v. Crown Inn, Inc.*, No. MO:18-CV-143-DC, 2020 WL 13401729, at *2 (W.D. Tex. Feb. 22, 2020).

1

Gupta alleges that Martin breached the agreement and is liable for breach of contract, unjust enrichment, and negligent misrepresentation. *Id.* at 3. Gupta claims that he has suffered damages exceeding $100,000, arguing that "other avenues of his life [have been] impacted." *Id.*

## II.     LEGAL STANDARD

Under Rule 55 of the Federal Rules of Civil Procedure, federal courts have the authority to enter a default judgment against a defendant that has failed to plead or otherwise defend itself. Fed. R. Civ. P. 55(a)-(b). That said, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). A party is not entitled to a default judgment simply because the defendant is in default. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Rather, a default judgment is generally committed to the discretion of the district court. *Mason v. Lister,* 562 F.2d 343, 345 (5th Cir. 1977).

In considering Gupta's motion, the Court must determine: (1) whether a default judgment is procedurally warranted; (2) whether Gupta's complaint sets forth facts sufficient to establish that he is entitled to relief; and (3) what form of relief, if any, Gupta should receive. *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008); *see also J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 813 (N.D. Tex. 2015) (using the same framework).

### III.  DISCUSSION

#### A.  Procedural Requirements

To determine whether entry of a default judgment is procedurally warranted, district courts in the Fifth Circuit consider six factors: "(1) whether material issues of fact are at issue, (2) whether there has been substantial prejudice, (3) whether the grounds for default are clearly established, (4) whether the default was caused by a good faith mistake or excusable neglect, (5) the harshness of a default judgment, and (6) whether the court would think itself obliged to set aside the default on the defendant's motion." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

On balance, the *Lindsey* factors weigh in favor of entering a default judgment against Defendants. Because Defendants have not filed a responsive pleading, there are no material facts in dispute. *See Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact."). Defendants' failure to appear and respond has ground the adversary process to a halt, prejudicing Gupta's interest in pursuing his claim for relief. *See J & J Sports*, 126 F. Supp. 3d at 814 ("Defendants' failure to respond threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's interests.") (internal citation and quotation marks omitted). The grounds for default are established: Defendants were properly served on October 13, 2023, did not answer the complaint by the answer deadline of November 3, 2023, and have failed to appear and participate at all. *See* Dkt. 11, at 1-2; Fed. R. Civ. P. 12(a)(1)(A)(i) (requiring Defendants to serve an answer within 21 days after being

served with the summons and complaint). There is no indication that the default was caused by a good faith mistake or excusable neglect. The undersigned therefore finds that default judgment is procedurally warranted.

### B. Sufficiency of Gupta's Complaint

Default judgment is proper only if the well-pleaded factual allegations in Gupta's complaint establish a valid cause of action. *Nishimatsu Constr. Co.*, 515 F.2d at 1206. By defaulting, a defendant "admits the plaintiff's well-pleaded allegations of fact." *Id.* In determining whether factual allegations are sufficient to support a default judgment, the Fifth Circuit employs the same analysis used to determine sufficiency under Rule 8. *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Wooten*, 788 F.3d at 498 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While "detailed factual allegations" are not required, the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The sufficiency of Gupta's pleadings as to each of his claims is addressed below.

#### 1. Breach of contract

To prevail on a claim for breach of contract, a plaintiff must show that (1) the parties entered into a contract containing certain terms; (2) the plaintiff did what the

contract required it to do; (3) the defendant did not do what the contract required it to do—the breach; and (4) the plaintiff was damaged as a result of defendant's breach. *S & S Emergency Training Sols., Inc. v. Elliott*, 564 S.W.3d 843, 847 (Tex. 2018).

Here, Gupta has alleged that (1) Martin entered a contractual agreement with Gupta to use $30,000 to open a Forex Trading account in Gupta's name in exchange for $50,000; (2) Gupta completed his end of the agreement by sending a $50,000 domestic wire transfer to Martin; (3) Martin failed to complete her end of the agreement by opening a Forex Trading account in Gupta's name; and (4) Gupta was damaged as a result. The undersigned finds that Gupta has stated a claim for breach of contract against Martin.

Conspicuously absent from Gupta's Complaint and Motion for Default, however, is Sniper Scope FX. Gupta does not allege how Sniper Scope FX is responsible for the breach of contract, or even what relationship it has with Martin or Gupta. Accordingly, the undersigned finds that Gupta has not stated a claim for breach of contract against Sniper Scope FX.

   2. Unjust enrichment

To prevail on a claim for unjust enrichment, a plaintiff must show that a defendant "has wrongfully secured a benefit or has passively received one which it would be unconscionable to retain." *Eun Bok Lee v. Ho Chang Lee*, 411 S.W.3d 95, 111 (Tex. App.—Houston [1st Dist.] 2013, no pet.). Here, Gupta has alleged that Martin wrongfully secured a benefit of $50,000. The undersigned finds that Gupta has stated a claim for unjust enrichment against Martin. As above, because Gupta's

Complaint and Motion for Default Judgment do not explain Sniper Scope FX's relationship to the dispute, the undersigned finds that Gupta has not stated a claim for unjust enrichment against Sniper Scope FX.

        3.     Negligent misrepresentation

To prevail on a claim for negligent misrepresentation, a plaintiff must show that (1) a defendant made a representation "in the course of his business, or in a transaction in which he has a pecuniary interest"; (2) "the defendant supplie[d] 'false information' for the guidance of others in their business"; (3) "the defendant did not exercise reasonable care or competence in obtaining or communicating the information"; and (4) "the plaintiff suffer[ed] pecuniary loss by justifiably relying on the representation." *Zaan, LLC v. Sangani*, No. 05-12-00423-CV, 2015 WL 2398652, at *6 (Tex. App.—Dallas May 20, 2015, pet. denied).

In this case, Gupta has alleged that (1) Martin made a representation that she would open a Forex Trading account for Gupta, and (2) Gupta suffered pecuniary loss by relying on that representation. However, Gupta does not allege that Martin supplied the false information in the course of her business or that Martin failed to exercise reasonable care or competence in obtaining or communicating the information. Likewise, Gupta has not alleged any facts relating to Sniper Scope FX. Accordingly, the undersigned finds that Gupta has not stated a claim for negligent misrepresentation against either Martin or Sniper Scope FX.

### C. Relief

Federal Rule of Civil Procedure 54(c) states that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). In other words, the relief prayed for in a complaint defines the scope of relief available on default judgment. *Id.*

A defendant's default concedes the truth of the allegations of the complaint concerning the defendant's liability, but not damages. *United States v. Shipco Gen. Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). Ordinarily, damages will not be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). However, when the amount of damages or costs can be determined with certainty by reference to the pleadings and supporting documents, and when a hearing would not be beneficial, a hearing is unnecessary. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). A sum capable of mathematical calculation is one that can be "computed with certainty by reference to the pleadings and supporting documents alone." *Id.* at 311.

Gupta has established that he wired $50,000 to Martin and that he received nothing in exchange for these funds. Dkt. 1, at 2-3. Accordingly, Gupta's request for compensatory damages in the amount of $50,000 should be granted. But that is not the full extent of Gupta's alleged damages, as Gupta is requesting $100,000 in damages. Dkt. 11, at 2. Gupta's only justification for this additional $50,000 is his claim that he "has had other avenues of his life impacted." Dkt. 1, at 3. Such vague

allegations cannot entitle Gupta to an additional $50,000 in damages. Accordingly, Gupta's request for $50,000 in additional relief should be denied.

## IV.     RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Court **GRANT** Gupta's Motion for Default Judgment as to Gupta's breach-of-contract and unjust-enrichment claims against Defendant Naomi Martin and **DENY** the remainder of the motion. Gupta should be awarded compensatory damages in the amount of $50,000, costs, and pre- and post-judgment interest at the rates applicable at the time final judgment is rendered. The referral of this case should now be **CANCELED**.

## V.     WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District

Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED March 28, 2024.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE